UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JULIE LYN KAEL,                                                            No. 07-10359

                                    Debtor(s).
_____/

SARA L. KISTLER, Acting U.S. Trustee,

                                    Plaintiff(s),

       v.                                                                            A.P. No. 08-1066

JULIE LYN KAEL,

                                  Defendant(s).
_____/

Memorandum on Motion for Judgment on Partial Findings
_____

       In this adversary proceeding, the U.S. Trustee seeks to revoke the discharge of Chapter 7 debtor Julie Kael. What began looking to the court like a routine allegation that the debtor lied on her schedules has turned out to be something considerably more.

       Before her bankruptcy, Kael had loaned money to her boyfriend, Joe Campbell. Campbell in turn was owed money by one James Sida. Campbell was forced to sue Sida in state court to collect the debt. In 2004, he had his attorney, who was not Kael's attorney, draft documents giving Kael a

1

1  lien on any recovery in the lawsuit.  Kael had little or no understanding of the proceedings other than
2  the general notion that she would be repaid when Campbell recovered from Sida.

3  In 2005, Campbell filed his own bankruptcy.  In 2006, Sida filed his own bankruptcy in the
4  District of Nevada.  Campbell told Kael about both bankruptcies.  Kael filed her bankruptcy petition
5  on March 30, 2007.

6  The U.S. Trustee seeks to revoke Kael's discharge because she did not schedule her interest in
7  Campbell's lawsuit against Sida.  Kael responds by saying that she did not schedule the lawsuit
8  because both Campbell and Sida had filed bankruptcy and the claim against Sida was worthless and
9  ancient history.  This understanding was 100% accurate.  Sida's debt to Campbell was discharged by
10 Sida's bankruptcy.  There was no way Cambpell could collect from Sida, so as far as Kael knew and
11 understood there was nothing for her to list as an asset.

12 However, Campbell's lawsuit against Sida had taken a strange twist the court does not fully
13 understand and is certain from the testimony Kael did not understand.  Campbell's attorney in the
14 action against Sida discovered that Sida had made a fraudulent transfer of a large amount of money to
15 Sida's father before his bankruptcy filing.  Instead of filing a new lawsuit against the father, the
16 attorney was able to change the lawsuit from one for money against Sida to one for recovery of a
17 fraudulent transfer against Sida's father.  Thus, the U.S. Trustee is seeking revocation of Kael's
18 discharge based on her failure to disclose something she had absolutely no knowledge of: a fraudulent
19 transfer action against Sida's father.  Only because the lawsuit morphed from a claim against Sida to
20 one against his father did Kael have any sort of interest in it.  She certainly did not understand this.

21 The case gets worse from there.  The fraudulent transfer claim belonged to the Sida bankruptcy
22 estate, and should have been collected by the trustee in that case for the benefit of all Sida's creditors.
23 *In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983).  However, when the bankruptcy trustees
24 in Kael's case and Campbell's case learned of it, they settled the claim for $100,000.00 and split it
25 without fully disclosing to the court what they were doing.  The court has performed its statutory duty
26 to report this conduct as a possible bankruptcy crime.

So the U.S. Trustee is seeking to revoke Kael's discharge for failing to schedule an asset that she did not understand that she had, and would not have been an asset at all if the claim against Sida's father had been prosecuted as an independent action or if Kael's bankruptcy trustee had done the right thing and reported the fraudulent transfer to the trustee in the Sida case.

Pursuant to § 727(e) of the Bankruptcy Code, Kael's discharge can be revoked only if fraud is shown. The court finds no fraudulent intent on her part when she failed to schedule her claim in Campbell's lawsuit against Sida, both because Kael believed in good faith and with ample justification that the asset no longer existed and because the right to recover a fraudulent transfer against Sida's father was not properly an asset of Kael or her bankruptcy estate.

The U.S. Trustee having conceded that there is no more evidence to be heard regarding Kael's intent, the court treats her motion for summary judgment as a motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure and FRBP 7052 and, as such, will grant the motion. Kael shall recover her costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Kael shall submit an appropriate form of judgment forthwith.

Dated: May 29, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3